## 17877

The JOHN DEERE COMPANY, Appellant, v. Mabel Goodson CONE, Respondent, In re Mabel Goodson CONE, Plaintiff, v. Charles Ponder CONE, Defendant.

(124 S. E. (2d) 50)

*Messrs. McKay, McKay, Black & Walker* and *Prioleau & Spigner,* of Columbia, and *Jones, Bird, Williams & Howell,* of Atlanta, Georgia, *of Counsel, for Appellant,*

*Norbert A. Theodore, Esq.,* of Columbia, *for Respondent,*

*Messrs McKay, McKay, Black & Walker* and *Prioleau & Spigner*, of Columbia, *and Jones, Bird, Williams & Howell*, of Atlanta, Georgia, *of Counsel, for Appellant, in Reply,*

February 15, 1962.

LEGGE, Justice.

Broadly stated, the issues here relate to the asserted jurisdiction of the Juvenile-Domestic Relations Court of Richland County over the officers, records and funds, without this state, of a domesticated foreign corporation, in a cause to which the corporation is not a party.

. In September, 1957, the respondent Mabel Goodson Cone instituted in the Juvenile-Domestic Relations Court of Richland County an action against her husband, Charles Ponder Cone, for divorce and alimony. In that action a decree was

entered on December 31, 1957, granting the divorce and awarding alimony. Thereafter, Cone having violated the alimony provisions of the decree, the Judge of the Juvenile-Domestic Relations Court issued on April 11, 1959, a rule requiring him to show cause why he should not be adjudged in contempt. On the same day the Judge of said court issued a rule, directed to the John Deere Plow Company (now the John Deere Company) of St. Louis, Missouri, Atlanta Branch, Chamblee, Georgia, requiring said company to show cause before him on April 29, 1959, why it should not be required, as Cone's employer, to withhold from his salary and pay to the plaintiff or her attorney "the amount of money due the plaintiff under the previous Order of this Court, namely, Two Hundred Twenty and No/100 ($220.00) Dollars per month plus the unpaid balance that is due by reason of the election of the defendant to disobey the Order of this Court, plus attorney's fees and the costs of this proceeding, and to comply with the Order of this Court relative thereto". The "rule" proceeds as follows:

"You are further required at said time, place and hearing, to produce for this Court, not a statement from an officer of your corporation, but the original records showing the amount of salary paid to the defendant during the years 1957, 1958, and so much of 1959 as may be accrued as of that date, also including therewith the tax deductions, the amount of exemptions claimed by the defendant, the amount deducted for Social Security and any other deductions that your company has taken from his salary. Further, you are required to produce the original records showing the amount paid to him during these periods of time for travel expenses and bonuses, if any.

"You are further directed to show to this Court from the original records the amount of money advanced by your Company to the said Charles Ponder Cone during this period of time and the amount of money repaid.

"It is a further Order of this Court that the said John Deere Plow Company of St. Louis, Atlanta Branch, Cham-

blee, Georgia, shall be served by delivering a copy of all of the proceedings herein upon Miss J. M. Perry, 409 East North Street, Greenville, South Carolina, as your attorney to receive and accept processes in this state as is shown by the office of the Secretary of State of the State of South Carolina upon your domestication in this State.

"Failure on your part to appear before this Court as directed and produce the evidence which this Court has demanded, this Court will hold your Corporation in contempt of the Order of this Court and deal with you in accordance with the provisions of law."

It will be noted that the "rule was a show cause" order insofar as it related to the desired payment of Cone's salary to his wife or her counsel. As to its other provisions it was not a "rule to show cause", but a direct, *ex parte,* mandate ordering that John Deere Plow Company produce in court certain records, not show cause why it should not be required to do so.

The John Deere Company thereupon, appearing specially, gave notice that it would move the court to declare that it was without jurisdiction; and, reserving its rights under the motion, made return to the rule to show cause, setting forth therein that it was not a party to the action, was not within the jurisdiction, that the rule or order was in effect a subpoena *duces tecum,* and that Cone was no longer in the company's employ.

Counsel for the respondent thereafter served upon counsel for John Deere Company notice that on July 7, 1959, they would move before the Judge of the Juvenile-Domestic Relations Court for an order "directing that the President of the John Deere Company of St. Louis, formerly known as the John Deere Plow Company of St. Louis, namely, Mr. William A. Hewitt, be required to answer interrogatories hereinafter set forth at Moline, Illinois, before such officer as the Court may appoint and at such time and place as such officer that may be appointed by the Court may designate to

take the answers of the interrogatories submitted herewith." The notice then proceeded to set forth certain interrogatories, forty-three in number.

The motions before referred to were argued before the Judge of the Juvenile-Domestic Relations Court on July 28, 1959. By his order dated August 31, 1959, he:

1. Held that he was without jurisdiction to require John Deere Company, Atlanta Branch, to pay Cone's salary, if any, to his wife;

2. Held that the rule to show cause of April 11, 1959, so far as it purported to direct the production of the company's records, was in effect a subpoena *duces tecum* that should have been directed not to the company, but to the individual in charge of such records;

3. Dismissed the rule to show cause for want of jurisdiction; and

4. Denied the motion for interrogatories for lack of statutory or other authority for such procedure.

Upon appeal from that order the circuit court, by its order dated February 19, 1960, from which this appeal is taken, reversed, holding that the Juvenile-Domestic Relations Court had jurisdiction:

(a) to require, by the show cause order of April 11, 1959, production of the original records of John Deere Company therein referred to;

(b) to order the company, by the same procedure, to pay Cone's salary, plus attorney's fees and costs, to his wife or her counsel; and

(c) to grant the motion for interrogatories.

The rule to show cause, although directed to John Deere Plow Company, was in reality a subpoena *duces tecum* insofar as it purported to require production in the Juvenile-Domestic Relations Court of the company's original records, admittedly located in another state. In that aspect the attempted procedure was both

faulty and ineffectual. It was faulty because a subpoena *duces tecum* should be directed to the witness in whose control are the records or documents sought to be brought into court. *Cf.* Code 1952, Section 15-1154, relating to the issuance of such subpoenas by the Judge of the Juvenile-Domestic Relations Court. The procedure here attempted cannot be sustained as the permissible examination of an adverse party under the discovery provisions of Title 26, Chapter 7, of the 1952 Code, because the company was not a party to the action. It was ineffectual as a subpoena because the courts of this state are without jurisdiction over persons or property outside of its territory. *Pennoyer v. Neff*, 95 U. S. 714, 24 L. Ed. 565; *Tillinghast v. Boston & P. R. Lumber Co.*, 39 S. C. 484, 18 S. E. 120, 22 L. R. A. 49.

To the extent that it purported to require John Deere Plow Company to show cause why it should not be made to pay Cone's salary to Mrs. Cone or her counsel to the amount of the monthly alimony payments in arrears and to become due, plus attorney's fees and costs, the rule to show cause was likewise ineffectual. The legislature has prescribed, in Sections 10-1721 through 10-1738, the procedure whereby a judgment creditor may have recourse against property of the judgment debtor in the hands of a third person, or against a debt allegedly due by such third person to the judgment debtor. Among other things, that procedure:

1. Requires the issuance of execution against the property of the judgment debtor, Section 10-1721;

2. Provides certain restrictions on the amount of the judgment debtor's earnings, derived from personal services, that may be applied to the satisfaction of the judgment, Section 10-1731; and

3. Provides that if the person or corporation alleged to be indebted to the judgment debtor denies the debt, it may be recovered only in an action against such person or corporation by a receiver of the property of the judgment debtor, Section 10-1735.

The respondent here has not followed the procedure so prescribed. Aside from the question whether jurisdiction of John Deere Plow Company could be lawfully acquired and exercised in such manner in a cause to which it was not a party, we think that the trial court's sanction of the novel procedure that she attempted to inaugurate would have amounted to judicial usurpation of a legislative function, and that it correctly held that it was without power to so proceed.

Having no jurisdiction over persons in another state, the Juvenile-Domestic Relations Court was without power to compel Mr. Hewitt, the President of John Deere Company, to appear at Moline, Illinois, and there answer the proposed interrogatories. That motion was properly denied.

The foregoing considerations require reversal of the order appealed from and render discussion of appellant's other contentions unnecessary.

Reversed.

TAYLOR, C. J., and Moss and LEWIS, JJ., concur.